Case: 1:21-cv-02224
Assigned To : Unassigned
Assign. Date : 8/19/2021
Description: Pro Se Gen. Civ. (F-DECK)

Case No.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

MARY JO WEIDRICK, PLAINTIFF

V.

JOSEPH R. BIDEN, JR.; PRESIDENT OF THE UNITED STATES and COMMANDER IN CHIEF OF THE UNITED STATES MILITARY; THE UNITED STATES MILITARY; U.S. ATTORNEY GENERAL MERRICK GARLAND; UNITED STATES CONGRESS et al, parties acting in both professional and personal capacities,

DEFENDANTS

# COMPLAINT

# AND MOTION TO EXPEDITE

Mary Jo Weidrick, Plaintiff

1300 Rhodes Avenue

Sarasota, FL 34239

941-316-0273

1

# TABLE OF CONTENTS

PARTIES...........................................................................2.

JURISDICTION AND VENUE...........................................3.

PRIMARY PURPOSE OF ACTION & STATEMENT

    OF FACTS..................................................................4.

ARGUMENT....................................................................6.

REASONS FOR GRANTING THE COMPLAINT

    AND EXPEDITING SAME...................... ........................11.

CONCLUSION................................................................12.

### I.    PARTIES:

1.    **Plaintiff:**    Mary Jo Weidrick is a pro-se applicant and resident of the State of Florida since 2010.

2.    **Defendants, acting professionally and individually:**    President Joseph R. Biden, Jr. was a resident of the State of Delaware until becoming President in January 2021; wherein he became a resident of Washington, D.C. and conducts his primary business there.

U.S.A.G. Merrick Garland maintains a primary office in Washington D.C. and presumably maintains a residence there as well.

2

Members of Congress et al have primary offices in Washington, D.C. and conduct their primary business from there and presumably maintain residences there as well as in their respective districts or states as well.

## II.    JURISDICTION AND VENUE:

3.    This court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 because this civil action arises under the Constitution, laws or treaties of the United States; 28 U.S.C. Sec. 1332 because the parties are diverse in states of residence.

4.    Venue is proper in this District pursuant to 28 U.S. C. Sec. 1391 as many of the transactions and events giving rise to Plaintiff's claims originated and occur in this District for the past 32 years and continue to do so.

## PRIMARY PURPOSE OF THIS ACTION AND STATEMENT OF FACTS

1.)    The primary purpose of this action is to allow Plaintiff to immediately and safely confer with her attorney of 4 years, Mark J. Geragos, for purposes of stopping Defendants' terrorism of Plaintiff.  Defendants, named and unnamed, have engaged in terrorist activity against Plaintiff 24/7 for almost 32 years and continue to do so.   Named and unnamed Defendants daily forge pro-terrorism material making it appear it is Plaintiff's, then threaten to arrest Mr. Geragos, prosecutors Letitia A. James, the New York Attorney General and Cyrus R. Vance, Jr., the Manhattan District Attorney if they speak to Plaintiff for purposes of stopping this terrorism.

2.)    Apparently participating terrorist and Joe Biden's hired "Fixer", U.S. Attorney General Merrick Garland, exploited his personal and professional relationship with some or all of the Justices of the Supreme Court of the United States to have Plaintiff's latest SCOTUS pleadings of 2021 denied.  Plaintiff believes Chief Justice Roberts, perhaps all Justices, instructed POTUS Joe Biden, the U. S. military, USAG Merrick Garland to stop this terrorism of Plaintiff and to "make a deal".  Instead of stopping the terrorism, Merrick Garland, the U.S. Military Psychological Operations division ("psych ops") have increased the 24/7 violence exponentially and has made no effort to "make a deal".  He, in fact, has obstructed any "deal making".  "Making a deal" is another euphemism for this terrorism----keeping it alive for their personal entertainment.

3.    Merrick Garland, the U. S Military psych ops (terrorism) have also indicated they want Plaintiff to tell lies in order to stop this terrorism.    **The most**

4

<u>poignant, dangerous, depraved lie Merrick Garland wants Plaintiff to tell is that she actually did engage in pro-terrorism activity or conversation; then Merrick Garland would or could arrest Plaintiff for terrorism and treason.</u> Rather than finding out who was forging all pro-terrorism material making it appear it is associated with Plaintiff, Mr. Garland is now forging or causing to be forged this material along with the U.S. Military et al.

4.    SCOTUS' denial of Plaintiff's pleadings to be able to speak with her attorney immediately is contributing to, prolonging and increasing this 24/7 terrorism.

5.    Part of the Military's psych-ops terrorism is there is always a barrier to "making the deal" to stop the terrorism. Then they continue to manufacture countless contrived "reasons" why they can't stop it in addition to manufacturing the pro-terrorism materials, such as Plaintiff uses foul language (Plaintiff doesn't use foul language).

6.    The terrorists have indicated since the Obama years they would make a deal; then keep raping, sexually assaulting, slandering, terrorizing, torturing Plaintiff. They will not make a deal and have no intention of doing so via the mind-reading equipment; it is strictly a tool of terrorism. The mind-reading equipment is not "conversation"; it's violent rape. The terrorists are delaying the <u>immediate cessation</u> of this terrorism by continuing to "have another issue" to "make the deal" but Plaintiff has no way to know what their "issue" is so the terrorism rages on. It's psychological terrorism; <u>a stall technique</u>; and a ruse for the benefit of or to "satisfy" SCOTUS Justices. A deal is face-to-face conversation

5

so negotiations can take place, certainly Plaintiff's attorney present as well as all other attorneys.

7.    Plaintiff believes the prosecutors would be open to a deal; the primary goal is to ensure Plaintiff can speak with her attorney immediately to stop this horrific, terrorism immediately.

8.    Solely because of Defendants' violent 24/7 actions of almost 32 years which are partially described herein, Plaintiff has not been able to read a book for content or retention; thereby get a law degree, work, date, marry, have children, have friends, play tennis, volunteer, have conversations with others who are not participants therefor has had no conversations with a human for almost 32 years. She is not able to think well and has extreme difficulty for almost 32 years reading a book or papers for content, critical thinking, retention; has had difficulty going out in public due to the more violent stalking terrorists mostly in the first 20 years of this terrorism; is forced to live near poverty on disability --- They have obviously taken more than her constitutional and legal rights and freedoms.  This terrorism is inhuman.  This is violent 24/7 terrorism wrapped in a civil suit.

## ARGUMENT

## POINT I

11.    There is no "national security" issue, legitimate "investigation" of Plaintiff or "deal in the works" by Defendants.   These are code words for this violent terrorism. No legitimate pro-terrorism material exists, anywhere, related to Plaintiff.

6

Named and unnamed Defendants have forged all pro-terrorism material, now including Merrick Garland. Therefore, any attempt by the Defendants named and unnamed to use the court systems, including the FISA court, to keep this violent 24/7 terrorism alive for their entertainment is illegal and unconstitutional.

12.    Plaintiff believes social media types like Mark Zuckerburg have confessed to forging pro-terrorism material. Regrettably, Merrick Garland, the Military Psych Ops may have requested they forge more, as well as recruiting other private companies and other countries.

## POINT II

13.    Plaintiff has filed pro se suits, all of which have been rejected by the lower courts as "frivolous. SCOTUS has the evidence presented to them by prosecutors and several others so is aware this case is not frivolous. SCOTUS may have rejected her pleadings of earlier 2021 because Merrick Garland et al intentionally falsely stated to SCOTUS that he would stop the terrorism immediately and "make a deal".

## POINT III

14.    Plaintiff respectfully requests judges of the D.C. Circuit or SCOTUS Justices who have a bias for Merrick Garland, former Chief Judge of the D.C. Court of Appeals, who served with a few of the SCOTUS Justices or a bias for any of the terrorists including the POTUS' who appointed them to their respective benches,

7

respectfully recuse themselves under the Due Process clauses of the United States Constitution.

15.    SCOTUS addressed recusal in the *Caperton vs. A.T. Massey Coal Co.*, **556 U.S. 868 (2009)** wherein one litigant requested a judge recuse himself because the other party's CEO spent over $3 million getting the judge elected.  Even though SCOTUS found there was no evidence the judge was biased, it still held that he had to recuse himself under the Fourteenth Amendment Due Process clause which requires judges to recuse themselves from cases that represent a probability of bias.

16.    Plaintiff then requests the remaining unbiased Judges/Justices immediately, within 24 hours, grant Plaintiff's request to speak with her attorney, Mark J. Geragos, within 24 hours for purposes of stopping this horrific unbearable terrorism immediately and "making some sort of deal".

### POINT IV

17.    Defendants' actions of threatening to illegally and unconstitutionally arrest her attorney, Mark J. Geragos, at minimum, violate Plaintiff's Fifth, Sixth Amendment right to counsel.

a.)    In *Escobedo v. State of IL*, **378 U.S. 478 (1964),** the SCOTUS established the right to counsel begins when a legitimate investigation is no longer a general inquiry but focuses on one particular "suspect".  Hence if Defendants were legitimately "investigating" Plaintiff, she should have had access to Mr. Geragos when he became her attorney four years ago.

b.)        Even if this Court were to give deference to Defendants and their falsified pro-terrorism materials, Plaintiff would still have rights to confer with her attorney. In *Hamdi v. Rumsfeld,* **542 U.S.507 (2004),** this Court concluded Mr. Hamdi, declared an "enemy combatant" by the U.S. government, maintained his Fifth Amendment due process rights to contest his detention, with access to an attorney, before a neutral decision-maker.

This court further rejected the government's argument that separation-of-powers prevents the judiciary from hearing Mr. Hamdi's challenge.

c.)        Plaintiff is unsure how Defendants are falsely "classifying" her or what exactly they are forging, but the following citations may be beneficial:

ii.    In *Rumsfeld v. Padilla,* **542 U.S. 426 (2004),** U. S. citizen Jose Padilla was arrested in the U. S., eventually declared an "enemy combatant" and was denied access to any attorney. District Court Judge Mukasey rejected the government's denial of Mr. Padilla's access to any attorney because of government fears counsel would interfere with Padilla's interrogation and that Padilla might use contacts with counsel to communicate with other terrorists.

The appeals court reversed the district court's "enemy combatant" ruling finding the Authorization for Use of Military Force (AUMF) did not meet the requirement of the Non-Detention Act and that the President could not, therefore, declare American citizens captured outside a combat zone as enemy combatants

hence ordered Padilla released without resolving the issue of access to his attorney; thus this Court did not see the case.

## POINT V

18.    President Biden and all other POTUS' knowingly illegally and unconstitutionally abuse the privilege or right of the Executive Order (or similar instrument) to keep this terrorism alive solely for their entertainment.  In *Youngstown Sheet Metal v. Sawyer,* **343 U.S. 579 (1952),** SCOTUS overturned an Executive Order issued by President Truman opining that the President had no power to act except in cases expressly or implicitly implied by the Constitution or by Congressional legislation.

## POINT VI

**PLAINTIFF'S OTHER SIXTH AMENDMENT RIGHTS ARE DENIED HER.**

19.    **Violates Plaintiff's Sixth Amendment right to face her accusers.**

20.    **Violates Plaintiff's Sixth Amendment right to the "evidence" against her.**

## POINT VII

21.    **Plaintiff's other constitutional and legal rights are being violated.**

Defendants' actions stated herein also violate, at minimum, Plaintiff's First, Fourth, Fifth, Ninth Amendment rights and a myriad of legal rights including terrorism laws.

## REASONS FOR GRANTING THE COMPLAINT and EXPEDITING SAME

22.    Two out of three branches of the United States government are active participants in this terrorism, both professionally and individually, leaving only the Judiciary to use its authority to help stop this terrorism. SCOTUS has the necessary evidence as Ms. James, Mr. Vance et al have filed suits to stop it and have prevailed; only to have named and unnamed Defendants forge more pro-terrorism material and threaten to arrest them if they speak to Plaintiff.

23.    Plaintiff has indicated since the Obama years she would make a deal; they will not then, nor now "make a deal". It is a ruse Merrick Garland et al use to "satisfy" this Court. Setting up a "deal" is as quick as picking up a telephone immediately and calling Plaintiff's attorney, Mark J. Geragos, who will immediately call Plaintiff to start the process, taking only minutes.

   a.  Merrick Garland has had eight months to make the call; the other terrorists 32 years. There is no "deal".

27.    There is reasonable probability that an unbiased court will conclude upon review that the actions of Defendants, named and unnamed, are erroneous, that they are deliberate, willful, violent with intent to seriously harm or kill Plaintiff, and are unconstitutional and illegal.

28.    Further irreparable harm to Plaintiff will continue should this case not be heard on an expedited basis by this court---they have destroyed her;

11

29.     Defendants will not stop this terrorism if the SCOTUS refuses to hear this case. SCOTUS' denial of her pleadings of 2021 gave Merrick Garland and the U.S. Military Psych Ops  terrorists et al permission to prolong and enhance this 24/7 violent terrorism and sexual assault of Plaintiff.

## CONCLUSION

30.     **Plaintiff prays this Court:**

a.)   Due to the continuing 24/7 violence to Plaintiff, expedite this case due to its importance to our democracy; our society and to Plaintiff;

b.)   Plaintiff respectfully requests all biased Judges/ SCOTUS Justices are properly and respectfully recused according to the Due Process clauses of the United States Constitution.

c.)   Plaintiff respectfully requests this Court grant Plaintiff's request to immediately confer with her attorney of four years, Mark J. Geragos and grant attorney-client privilege.

d.)   Plaintiff respectfully requests SCOTUS no longer defers to the illegal and unconstitutional requests and intentional misstatements of Merrick Garland.

*i.)* Merrick Garland et al may have been a colleague, a mentor, a teacher at one time to the D.C. Courts' Judges and SCOTUS Justices; the students should become the teacher.

*ii.)* A friend, especially a Judge, is not going to ask another to commit crimes on his behalf or ask another to join a conspiracy to terrorize, torture, etc. another.

e.)   Plaintiff requests this court dismiss; issue stays; use any of its powers against any illegal and unconstitutional Executive Orders or similar instruments which prevent Plaintiff from conferring immediately with her attorney, Mark J. Geragos.  No pro-terrorism material exists related to Plaintiff, hence any action taken against Plaintiff, her attorney, Mark J. Geragos; New York Attorney General Letitia A. James or Manhattan District Attorney Cyrus R. Vance, Jr. et al by named and unnamed Defendants preventing them from speaking to Plaintiff is unconstitutional and illegal; is terrorism and is intended to obstruct the immediate cessation of all planks of this terrorism so any "deals" to be made can be made face-to-face, with Plaintiff's attorney present.

Respectfully submitted,

Mary Jo Weidrick, Plaintiff

1300 Rhodes Avenue

Sarasota, FL  34239

941-316-0273

August 16, 2021

Charles H Barker

8-16-2021

Personally known

Sarasota Co FL

13

CHARLES H. BARKER
MY COMMISSION # GG 143532
EXPIRES: January 15, 2022
Bonded Thru Notary Public Underwriters